IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH EDWARD WILKINS, | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-14-1353 |
| JOHN WOLFE, WARDEN, | * | |
| Respondent. | | |

\*\*\*\*\*

**<u>MEMORANDUM OPINION</u>**

On April 21, 2014, the Clerk received a 28 U.S.C. § 2254 Petition for habeas corpus relief from Ralph Edward Wilkins ("Wilkins"), a prisoner now confined at the Jessup Correctional Institution. Wilkins claims that he was convicted of a crime and sentenced to a natural life term in the Maryland Division of Correction. He contends that in August 2013, his conviction was vacated and on March 13, 2014, he entered a guilty plea and was sentenced to life with all but 57 years and 6 months suspended. *See* ECF No. 1. Wilkins seemingly claims that his new sentence violates Md. Code Ann., Crim. Proc., § 6-218[1] in that the sentencing judge did not award him the full credit required under Maryland law. He asks that the Court order his "sentence to be adjusted to conform" with Maryland statutory requirements. ECF No. 1. Wilkins also filed a Petition to Proceed Without

---

[1] Md. Code Ann., Crim. Proc., § 6-218 provides in pertinent part that:

> (c) A defendant whose sentence is set aside because of a direct or collateral attack and who is re-prosecuted or resentenced for the same crime or for another crime based on the same transaction shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in custody under the prior sentence, including credit applied against the prior sentence in accordance with subsection (b) of this section.

Filing Fees [ECF No. 3], which shall be granted.  The Petition for habeas corpus relief shall, however, be summarily dismissed.[2]

The Maryland Judiciary Case Search website confirms that on August 27, 2013, the Circuit Court for Prince George's County, Maryland struck down the guilty finding on Wilkins's first-degree murder conviction.  The docket shows that on March 13, 2014, he entered a guilty plea and was sentenced to life, with all but 57 years and 6 months suspended.  He was given 24 years and 194 days credit and ordered to be returned to the Maryland Division of Correction.  *See State v. Wilkins*, Criminal No. CT11187 (Circuit Court for Prince George's County), www.casesearch.courts.state.md.us/inquiry.

In order to be entitled to federal habeas corpus relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also, Estelle v. McGuire,* 502 U.S. 62. 68 (1991); *Wainwright v. Goode,* 464 U.S. 78, 83–84 (1983).  Violations of state law which do not infringe on specific constitutional protections are not cognizable under § 2254. *See Estelle,* 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Weeks v. Angelone,* 176 F.3d 249, 262 (4th Cir. 1999) ("[W]hen a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."). Wilkins does not allege that the alleged court error "by itself so infected the [sentencing proceeding] that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (citation and quotation marks omitted).  His

---

[2] In light of this decision by the Court, Wilkins's "Petition Seeking Assignment of Legal Assistance" shall be denied as moot.

claim of sentencing court error on the ground that a state rule was violated is not cognizable on federal habeas review.[3]  The merits of the habeas petition shall not be considered by this Court.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  An inmate satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Wilkins does not satisfy this standard, and the Court declines to issue a certificate of appealability.  For the aforementioned reasons the Petition for Writ of Habeas Corpus shall be dismissed.  A separate order follows.

Date: May 14, 2014                                      /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE

---

[3] Wilkins withdrew his not guilty plea, pled guilty and was sentenced on March 13, 2014.  Within five weeks he filed this action in the Court, his second § 2254 Petition filed within that time period.  Thus, even if this Court were to liberally construe the Petition to set out a colorable federal claim, it would again find that it is without jurisdiction to review the claim due to Wilkins's failure to exhaust state court remedies subsequent to his March 2014 conviction.  Wilkins previously was informed of exhaustion requirements and procedures in *Wilkins v. McDonough*, Civil Action No. RWT-14-956 (D. Md.).